**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS ORTEGA-GREENHAM, | No. 21-70941 |
| Petitioner, | Agency No. A077-590-650 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 4, 2022**
Pasadena, California

Before: CALLAHAN and H. THOMAS, Circuit Judges, and HUMETEWA,***
District Judge.

Petitioner Carlos Ortega-Greenham, a deaf Mexican citizen, appeals a 1999

Notice of Order of Expedited Removal and a 2021 Immigration Judge's ("IJ")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Diane J. Humetewa, United States District Judge for the District of Arizona, sitting by designation.

determination that he lacked a reasonable fear of persecution or torture. We lack jurisdiction to review expedited removal orders except to review "habeas petitions alleging that the petitioner is not an alien or was never subject to an expedited removal order." *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1139 (9th Cir. 2008). We therefore dismiss his challenge to the 1999 Notice of Order of Expedited Removal for lack of jurisdiction. We have jurisdiction of the IJ's decision under 8 U.S.C. § 1252 and deny the petition for review.

As Petitioner told an asylum officer, he was born deaf and only learned to sign at age twelve. He was bullied as a child for being deaf. As an adult, he has had trouble finding employment and has been the victim of police corruption, armed robberies, and a kidnapping by cartel members. The asylum officer found this testimony credible but determined that Petitioner failed to show past persecution or a reasonable possibility of future persecution because the crimes he experienced were motivated by financial incentives, not because of his status as a deaf individual. The IJ affirmed the officer's decision.

We review an IJ's finding for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). The Court must uphold the IJ's conclusion "unless, based on the evidence, 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016) (quoting *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)).

Petitioner argues that the IJ erred by failing to consider the cumulative, non-physical impacts of "language deprivation," which he asserts includes the Mexican government's failure to provide language services to deaf individuals resulting in "limited education, fewer employment opportunities, and a non-responsive criminal justice system."

Although the record reflects instances of discrimination, these instances do not rise to the level of persecution. "Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Wakkary v. Holder*, 558 F.3d 1049, 1059 (9th Cir. 2009) (internal citation omitted). Discrimination, while offensive, "is not the same as persecution." *Id.* However, "[s]evere and sustained discrimination, or discrimination in combination with other harms, however, may compel a finding of past persecution." *Id.* While we recognize the difficulties Petitioner has experienced and likely will experience as a deaf individual, they do not compel a finding of persecution. Substantial evidence supports the IJ's determination that Petitioner has not established a reasonable fear of persecution.

Petitioner also argues that the IJ violated his due process rights by failing to explicitly consider his language deprivation argument and by failing to provide him with a Certified Deaf Interpreter. "A due process violation occurs where (1) the proceeding was so fundamentally unfair that the alien was prevented from

3

reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012) (internal citation omitted). We find Petitioner suffered no prejudice for either alleged violation. The IJ's determination would not have been changed because the language deprivation argument lacks merit. And the record shows Petitioner was provided with an American Sign Language interpreter and that he stated that he did not need a Certified Deaf Interpreter as he was able to understand the proceedings.

**PETITION DENIED** and **DISMISSED** as set forth in this Order.